■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT ALLEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in failing to suppress his statement to the police. On the eve of trial, without notice to the People, defendant moved to suppress his videotaped interview by the police. The motion specifically requested the court to review portions of the videotape to determine if defendant's right to remain silent and right to counsel had been violated. It further requested the court to determine whether a hearing was necessary. The court reviewed the specific portions of the tape requested and denied the motion, finding that the defendant did not invoke his constitutional rights.

The suppression court's conclusion in this regard is entitled to great weight *(see, People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703) and, from our review of the videotape, we fully agree with the suppression court's determination. Defendant's statement to the police, "ain't nothing I got to tell you", when viewed in context, does not rise to the level of an invocation of his right to remain silent or notify the police to cease the interview *(see, People v Davis,* 91 AD2d 1191). Further, on appeal defendant does not assert that the court erred in determining that he did not request counsel.

Defendant additionally contends that his statement should be suppressed because it was, in part, the product of a custodial interrogation without *Miranda* warnings. Because this issue was not specifically raised before the trial court, it has not been preserved for our review *(see, People v Martin,* 50 NY2d 1029, 1031; *People v Tutt,* 38 NY2d 1011, 1012-1013). Were we to reach the merits of this issue, we would conclude that prior to the time defendant was given his *Miranda* warnings, a reasonable person, innocent of wrongdoing, would not have thought he was in custody *(People v Yukl,* 25 NY2d

585, *cert denied* 400 US 851; *People v Johnson,* 91 AD2d 327, *affd* 61 NY2d 932). Further, given the timing and limited nature of defendant's request, the court properly denied the motion without a hearing.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mordue, J.—murder, second degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.