■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BATTISTA, Appellant. [602 NYS2d 865] —Judgment, Supreme Court New York County (Bernard J. Fried, J.) rendered September 12, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (2 counts) and criminal sale of a firearm in the second degree, and sentencing him as a predicate felony offender to concurrent

terms of 3½ to 7 years (2 terms) and 2 to 4 years, and, upon his guilty plea, of criminal sale of a controlled substance in the second degree, sentencing him to a term of 10½ years to life, to run consecutive to the above sentence, unanimously affirmed.

Defendant was at the center of independent State and Federal investigations into a substantial drug and weapons organization. The search of defendant's apartment was pursuant to a validly executed search warrant. Since the more onerous requirements of a search warrant had been satisfied, there was no constitutional infirmity in the failure to also secure a warrant of arrest (see, Jones v City & County of Denver, 854 F2d 1206, 1209). Nor did the court err in examining the affidavits in support of the warrant application ex parte and in camera, and in denying to defendant disclosure of the identities of informants (People v Castillo, 80 NY2d 578, cert denied — US —, 113 S Ct 1854). Defendant's contention that it was error for the court to have denied his request for a charge on the defense of agency is without merit. Within the parameters established by People v Argibay (45 NY2d 45, 54, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930), People v Lam Lek Chong (45 NY2d 64, 76, cert denied 439 US 935), and People v Roche (45 NY2d 78, 86, cert denied 439 US 958), there was no reasonable view of the evidence which would have supported submission of a defense of agency.

We have examined defendant's remaining points. Several are unpreserved; all are without merit. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.