◼ The People of the State of New York, Respondent, v Ernest Lee, Appellant. [613 NYS2d 675] —Appeals by the defendant from (1) a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 6, 1992, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree under Indictment No. 35/91, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, rendered May 6, 1992, revoking a sentence of probation previously imposed by the same court (Felig, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 371/87. The appeal from the judgment brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment and amended judgment are affirmed.

We find unpersuasive the defendant's contention that the written and videotaped statements he made to the police and the bullets seized from his apartment should have been suppressed as the product of an unlawful arrest. The defendant was not arrested in his residence; thus, his claim of a violation of *Payton v New York* (445 US 573) is unpersuasive *(see, People v Rosario,* 186 AD2d 598; *People v Lewis,* 172 AD2d 775).* Moreover, the police were lawfully at the defendant's apartment to execute a valid search warrant and also had probable cause to arrest him. Since the requirements for a search warrant were satisfied, there was no constitutional infirmity in the failure of the police to also secure an arrest warrant *(see, People v Battista,* 197 AD2d 486; *Jones v City & County of Denver,* 854 F2d 1206; *see also, People v Tondryk,* 176 AD2d 1194; *People v Keller,* 148 AD2d 958).

We further note that the defendant was not entitled to disclosure of the informant's identity or to a redacted transcript of the informant's testimony before the issuing Magistrate to controvert the search warrant or challenge the legality of his arrest *(see, People v Castillo,* 80 NY2d 578, *cert denied* — US —, 113 S Ct 1854; *People v Battista, supra; People v Carpenito,* 171 AD2d 45, *affd* 80 NY2d 65). The suppression court properly reviewed, *in camera,* the search warrant and accompanying papers as well as the sealed minutes of the informant's testimony and found that there was probable cause for the issuance of the warrant. In addition, the defendant received a copy of the search warrant and accompanying affidavit.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.