■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCOTT, Appellant. [682 NYS2d 675] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered July 25, 1996, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (three counts), criminal possession of stolen property in the fourth degree, criminal possession of a controlled substance in the third degree, criminal possession of a

controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.

A police investigation in the City of Schenectady, Schenectady County, included three separate prearranged controlled drug purchases from defendant by confidential informants at his girlfriend's apartment in August 1995 and September 1995. Thereafter, the Schenectady police procured a search warrant for the apartment supported by affidavits from the two informants that were used. When the warrant was executed, defendant was in the kitchen while his girlfriend was in the den. The resultant search, conducted with the assistance of two canine officers, revealed, *inter alia*, crack cocaine, two revolvers, a sawed-off rifle and ammunition. During the execution of the warrant, defendant advised the police that his girlfriend "ha[s] nothing to do with [it]". After transport to the police station and the provision of *Miranda* warnings, defendant confessed, in writing, to owning the guns and drugs that were found.

Defendant was indicted by two separate instruments. The first charged him with numerous counts concerning his possession of a weapon (Penal Law § 265.02 [2], [4]) as well as stolen property (Penal Law § 165.45 [4]). The second charged him concerning his possession of controlled substances (Penal Law § 220.16 [1]; § 220.06 [5]), marihuana (Penal Law § 221.05) and paraphernalia (Penal Law § 220.50). Defendant moved to dismiss the second indictment, claiming, *inter alia*, that the People failed to provide him with an opportunity to appear and testify before the Grand Jury (*see*, CPL 190.50). County Court (Eidens, J.) found that he was not denied his right to testify but rather chose not to after being informed by the District Attorney that the Grand Jury was to meet. After a combined *Huntley/Mapp* hearing was held concerning both indictments, County Court (Tomlinson, J.) also denied defendant's motion to suppress. From a jury verdict, defendant appeals.

Initially addressing the purported lack of probable cause for the issuance of the search warrant, we find that it was based upon three separate prearranged controlled drug purchases by police informants who acted as agents of the police. Unlike the facts set forth in *People v Martinez* (80 NY2d 549), sufficient evidence was presented indicating that the confidential informants were searched prior to the drug transactions and were observed, monitored and taped by undercover police officers during the drug transactions. This information, combined with evidence that the informants had made repeated drug purchases from defendant prior to the dates of the controlled

purchases, satisfied both prongs of the *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v State of Texas*, 378 US 108; *see also, People v Griminger*, 71 NY2d 635). Hence, as there is no issue that their possession of drugs during the transaction was lawful (*see, People v Cona*, 49 NY2d 26; *People v Tune*, 103 AD2d 990), we find that the warrant was grounded upon a sufficient factual showing of the reliability of such informants and basis for the information they provided.

Similarly unavailing is defendant's contention that his written confession was coerced by a threat by the police to charge his girlfriend with possession of the contraband if defendant failed to admit ownership. As she resided in the apartment where the contraband was found, we find that the police had a proper basis to make such statement (*see, People v Oxx*, 155 AD2d 851, *lv denied* 76 NY2d 740). The threat of physical injury, possibly death, claimed by defendant as yet a further method of coercion is unsupported. With appropriate deference provided to County Court's assessment of credibility, we find no basis to disturb the determination rendered (*see, People v Cohen*, 226 AD2d 903, *revd on other grounds* 90 NY2d 632).

Finally, no record evidence supports defendant's contention that he was denied the opportunity to testify before the Grand Jury which resulted in his second indictment. According to the decision of County Court (Eidens, J.), unchallenged by defendant, confidential exhibits and transcripts of Grand Jury proceedings reveal that evidence concerning defendant was presented on October 10, 1995 and October 20, 1995 and that defendant received appropriate notice that he could testify at these proceedings. As both indictment numbers, albeit returned on different dates, were based upon evidence submitted on those dates, County Court correctly determined that defendant was not denied his right to testify in his own defense (*see*, CPL 190.50).

The judgment of County Court is therefore affirmed.

Crew III, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.