*658 OPINION OF THE COURT
Judith Lieb, J.
The issue before this court is whether a court may, on a Dunaway hearing, determine whether there is probable cause to support a warrantless arrest without the participation of the defendant or the defendant’s counsel. For the reasons that follow, this court concludes that it has authority to do so in appropriate circumstances, which are present here.
Case law establishes that a court can determine the existence of probable cause for issuance of a search warrant by examining the underlying documents without providing copies to the defendant in order to protect the safety of a confidential informant. The issue here is whether that principle applies so as to. authorize a court to determine probable cause for a warrantless arrest by reliance on the documents underlying issuance of a search warrant, without providing copies to the defendant.
FACTS
On January 20, 1999, the defendant was charged with criminal possession of a controlled substance.[1] On that day, six. officers from the New York City Police Department executed a search warrant at apartment 8D of 225 Willis Avenue in Bronx County. According to the complaint, one officer saw “a hand” throw out of a window of the apartment a tin container, which was later found to contain nine bags of cocaine. Further, according to the complaint, the defendant was the only person inside the apartment when the officers entered.
On May 21, 1999, the defendant filed an omnibus motion. In that motion, he sought to suppress his postarrest statements on the ground that they were not voluntary, and were obtained in violation of Miranda v Arizona (384 US 436 [1966]) and People v Huntley (15 NY2d 72 [1965]). The defendant did not, as part of that motion, seek to suppress his statements on the ground that they were made following an illegal arrest (Dunaway v New York, 442 US 200 [1979]). The defendant did move to suppress certain physical evidence, namely, the nine bags of cocaine and an unspecified sum of United States cur *659 rency, contending that he was entitled to suppression of these items because the prosecution failed to provide him with a copy of the search warrant, the supporting affidavit and other evidence presented to the issuing court.
On June 15, 1999, the People moved pursuant to CPL 240.50 for a protective order authorizing the People to withhold the search warrant affidavit from the defendant. In support of that motion, an Assistant District Attorney affirmed under penalty of perjury that: (1) the search warrant affidavit was based primarily on the observations and activities of a confidential informant; (2) disclosure of the affidavit would jeopardize the safety of the informant; and (3) portions of the affidavit could not be redacted because the informant’s observations and activities were so intertwined with the remaining material in the affidavit that the informant’s identity could not be protected from disclosure if any portion of the affidavit was provided to the defendant. On that day, the Honorable Diane Kiesel granted the defendant’s application for a Huntley hearing and, in response to the People’s motion for a protective order, directed the People to provide the court, but not the defendant, with a copy of the search warrant and supporting documents.
On September 2, 1999, the People submitted to the court the search warrant affidavit and the transcript of inquiry conducted on January 12, 1999, by the Honorable Arthur Birnbaum, of Police Officer John Curran and a confidential informant. In a decision and order dated September 30, 1999, the Honorable Joseph J. Dawson, ruling on the People’s motion for a protective order and the defendant’s motion to suppress physical evidence, concluded that “owing to the specificity of the information contained in both the search warrant affidavit and Judge Birnbaum’s inquiry of the informant, the People’s application for a protective order should be granted until such time, if ever, that the People call the informant as a witness in the trial of the above matter.” Judge Dawson also denied the defendant’s motion to suppress physical evidence, concluding that the issuing Judge “ ‘reasonably could have concluded that probable cause existed,’ People v. Serrano, 93 N.Y.2d 73 (1999)” to support issuance of the search warrant. Based on his review of the transcript of proceedings, Judge Dawson found that the informant existed, was reliable, had been examined “under oath,” and had an acceptable basis of knowledge for the information that served to support the issuance of the search warrant.
On November 4, 1999, and November 9, 1999, this court conducted an evidentiary hearing to determine whether the *660 defendant’s statements were made voluntarily. This court finds as fact, based upon the testimony of Detective George Tully, as follows. On January 20, 1999, he and five other officers went to apartment 8D of 225 Willis Avenue in Bronx County to execute a search warrant. (T, at 3.)[2] To gain entry into the apartment, the officers knocked the door off its hinges (T, at 4), and, upon entering the apartment, Detective Tully found that the door had landed on the defendant. (T, at 9.) The detective lifted the door off the defendant and, without conducting further investigation, and before conducting the authorized search, immediately placed the defendant under arrest. {Ibid.) Only then did the officers search the apartment.
At the close of Detective Tully’s testimony, the defendant moved to suppress his statements on the ground that they were made following an illegal arrest and moved for a Dun-away hearing. (T, at 29-30.) The People responded that the defendant had not previously requested a Dunaway hearing, and that facts supporting probable cause for the defendant’s arrest could include information provided by the informant, whose safety could be jeopardized if his or her identity was revealed. (T, at 33, 35.) The People pointed out that to protect the safety of the informant, another Judge liad previously issued a protective order authorizing the prosecution not to disclose the documents upon which the search warrant had been granted. (T, at 33-34.)
This court reserved decision on whether a Dunaway hearing, as now requested, should be granted, and requested a copy of the search warrant and accompanying documents. (T, at 36.) These have been supplied to the court, but not the defendant, and have since been reviewed by this court.[3]
This decision and order confirms this court’s previous conclusion, orally stated, that the procedure set forth in People v Castillo (80 NY2d 578 [1992]), authorizing a suppression court in an ex parte proceeding to decide a defendant’s motion to suppress physical evidence seized pursuant to a search warrant, could also properly be used in this case to decide the defendant’s Dunaway motion to suppress statements made after a warrantless arrest. In applying that procedure, this court has concluded that, based on its review of the search warrant materials, the police had probable cause to arrest the defendant at the time of the arrest.
*661 DISCUSSION
Except in circumstances not relevant to this decision, the People are prohibited from introducing statements of a defendant in custody during their case-in-chief at trial if the statements were made following an arrest illegal because it was not supported by probable cause. (Dunaway v New York, 442 US 200 [1979], supra; Wong Sun v United States, 371 US 471 [1963].) The issue before this court is whether, when an informant’s safety would be endangered through disclosure of his or her identity, a court may determine in an ex parte proceeding whether probable cause to arrest existed.
In People v Castillo (80 NY2d 578 [1992], supra), a defendant moved before the suppression court, pursuant to Mapp v Ohio (367 US 643 [1961]), to suppress physical evidence seized pursuant to a search warrant, challenging the issuing Judge’s determination that probable cause had existed for the search. In response, the People filed a motion for a protective order. The suppression court granted that motion, and authorized the prosecution to withhold the search warrant materials from the defendant. The suppression court then followed the procedure set forth in People v Seychel (136 Misc 2d 310 [Sup Ct, NY County 1987]), in which it both reviewed the warrant affidavit and took the ex parte testimony of the informant. Upon completion of that procedure, the suppression court concluded that the search warrant had been lawfully issued and denied the motion to suppress.
In the Court of Appeals, the defendant in Castillo argued that “regardless of the substantiality of the evidence supporting the warrant or the need for confidentiality, disclosure of the information, if not the identity, of the informant is always required.” (People v Castillo, 80 NY2d, supra, at 580.) The Court of Appeals disagreed and authorized the suppression court to use an ex parte procedure to decide the suppression motion. A defendant thus has no absolute right to disclosure of the facts underlying issuance of a search warrant in connection with his or her contention that probable cause for its issuance was lacking.
The issue in Castillo (supra) required the Court of Appeals to balance a defendant’s right to participate in the preparation and presentation of his or her suppression motion against the public’s need to encourage citizen participation in law enforcement by granting anonymity to informants when necessary to protect their safety. In balancing these considerations, the Court of Appeals, before Castillo, held that suppression courts *662 could lawfully permit the prosecution not to disclose the identity of informants. (See, People v Darden, 34 NY2d 177, 181-182 [1974].) Castillo broadened Darden to permit, when necessary, withholding all information, when supplied by an informant, underlying the issuance of a search warrant. In expanding Darden, the Court of Appeals stated in Castillo that, in the case before it, “unlike in Darden, none of the purported factual predicates for probable cause [to search] was revealed to the defendant.” (Supra, at 584.)
To date, most courts applying Castillo (supra) have conducted an ex parte review only in connection with defendants’ motions to suppress physical evidence obtained pursuant to search warrants. (See, e.g., People v Calise, 256 AD2d 64 [1st Dept 1998], lv denied 93 NY2d 851 [1999]; People v Hunt, 227 AD2d 568 [2d Dept 1996]; People v Roxby, 224 AD2d 864 [3d Dept], lv denied 88 NY2d 884 [1996].) But the decision of the Appellate Division, Second Department, in People v Lee (205 AD2d 708 [2d Dept], lv denied 84 NY2d 828 [1994]), pertains to a warrantless arrest. (Cf., People v Walker, 244 AD2d 796 [3d Dept 1997].) In Lee (at 709), citing Castillo, the Court held that the defendant was not entitled to disclosure of an informant’s identity, nor to the informant’s testimony in support of the issuance of a search warrant, in connection with the defendant’s motions challenging probable cause to search and probable cause to arrest.
By citing Castillo (supra) without discussion, the decision in Lee (supra) should be read as adopting Castillo’s analysis. The Castillo case arose out of a trial court’s decision on a motion to suppress physical evidence under the doctrine of Mapp v Ohio (supra) and its progeny. The principle of Castillo, however, should not be limited to such motions. Castillo is predicated on the distinction between a trial and a pretrial suppression hearing. “Analysis starts by focusing on the nature of the proceeding for there is a fundamental difference between a trial to adjudicate guilt or innocence and a pretrial hearing to suppress evidence.” (People v Castillo, 80 NY2d, at 582.)
A trial is “substantive and involves constitutional and policy considerations related to the right to confrontation, due process, and fairness. Most important, it is related to the risk of wrongfully convicting the innocent.” (People v Goggins, 34 NY2d 163, 168 [1974].) A suppression motion, by contrast, “is in a sense procedural and reflects constitutional and policy considerations designed to inhibit unreasonable intrusions on the privacy of individuals.” (Supra, at 168.) According to *663 Castillo, therefore, “[t]he due process requirements for a hearing may be less elaborate and demanding than those at the trial proper.” (People v Castillo, supra, 80 NY2d, at 582.) A “defendant’s interest in availing himself of the exclusionary rule may, in exceptional circumstances, be subordinated to safety precautions necessary to encourage citizens to participate in law enforcement.” (Supra, at 583.)
Like a Mapp motion, a Dunaway motion relates to “constitutional and policy considerations designed to inhibit unreasonable intrusions on the privacy of individuals.” Thus, the due process requirements for a Dunaway hearing should be limited in the same manner as a Mapp hearing.
The applicability of the principle of Castillo (supra) to a Dunaway hearing is also evidenced by the fact that in determining the proper procedure with respect to a Mapp issue, Castillo relies on cases arising out of motions to suppress warrantless arrests. In such cases, courts authorized some limits on disclosure in order to balance the need to protect an informant’s safety with a defendant’s due process rights in the context of a warrantless arrest. (See, e.g., People v Darden, 34 NY2d 177 [1974], supra; People v Castro, 29 NY2d 324 [1971]; People v Malinsky, 15 NY2d 86 [1965]; People v Coffey, 12 NY2d 443 [1963].)
The present case differs from Castillo (supra) in one respect that is not material. A search warrant is presumptively valid because an issuing court has determined that probable cause existed. (People v Hanlon, 36 NY2d 549, 558-559 [1975]; People v Castillo, 80 NY2d 578, 585, supra.) Where, as here, an arrest warrant has not been issued, such a presumption is not available on a Dunaway hearing. Nonetheless, where an arrest follows issuance of a search warrant, the court may be able to determine probable cause for the arrest on the basis of the material which supported the issuance of the search warrant. As explained in Castillo, “the suppression court had before it a record consisting of the written application and the transcript of the informant’s sworn oral testimony offered in support of the application,” leaving the suppression court with a “relatively uncomplicated task,” which was “precisely the type of inquiry which can be resolved accurately on an ex parte, in camera basis.” (People v Castillo, 80 NY2d, at 585.) Although a court must make an initial decision as to probable cause without the benefit of a presumption of validity, the availability of a sworn record predating the arrest, which provides an irrefutable record of information in police possession prior *664 to the defendant’s arrest, renders the task sufficiently straightforward as also to be of the kind that can be “resolved accurately on an ex parte, in camera basis.”
Given the decision in Lee (supra), which is controlling authority,[4] the principles underlying Castillo (supra), and the circumstances of this case — namely, a preexisting search warrant affidavit and search warrant inquiry, including the informant’s testimony, before an issuing Judge — this court concludes that an ex parte review is appropriate here to determine whether to exclude evidence on Dunaway grounds. Accordingly, this court concludes that it may properly determine whether the police had probable cause to arrest the defendant by reviewing on an in camera, ex parte basis the materials in support of a search warrant.
This court has reviewed the search warrant affidavit and the transcript of proceedings conducted by Judge Birnbaum on January 12, 1999. I am bound by, and also agree with, the conclusion reached earlier by Judge Dawson that these materials are properly protected from disclosure until such time, if any, that the informant testifies at the trial of this case.
Based on my review of the search warrant affidavit and the transcript of proceedings before Judge Birnbaum,[5] as well as the testimony of Detective Tully on November 9, 1999, referred to earlier, this court concludes that at the time of the defendant’s arrest, there was probable cause for his arrest. “Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place.” (People v Bigelow, 66 NY2d 417, 423 [1985].) Warrantless arrests may be based on information supplied by a confidential informant if such information is substantiated through the informant’s own character and reputation or through “the separate, objective checking” of the *665 informant’s information. (People v Coffey, supra, 12 NY2d, at 452.) The information provided by the informant, some of which had been corroborated prior to the execution of the search warrant, together with Detective Tully’s observation of the defendant in the apartment upon his entry, provided probable cause to arrest the defendant.
Accordingly, the defendant’s motion to suppress his statements, to the extent predicated on Dunaway, is denied.

. The defendant was originally charged with criminal possession of a controlled substance in the third degree in violation of Penal Law § 220.16 (1), and criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03. On April 23, 1999, the section 220.16 (1) charge was dismissed.

. References preceded by T refer to the transcript of the hearing held on November 9, 1999.

. The Huntley hearing was adjourned.

. In the absence of direct authority from the Court of Appeals or the Appellate Division, First Department, this court is bound by the decision in Lee (supra; People v Brisotti, 169 Misc 2d 672 [App Term, 1st Dept 1996], lv denied 89 NY2d 940 [1997]; People v Shakur, 215 AD2d 184 [1st Dept 1995]).

. This court does not need to conduct its own in camera examination of the informant in duplication of the examination already conducted by Judge Birnbaum on the application for issuance of the search warrant. (See, People v Serrano, 93 NY2d 73 [1999], supra.) As found by Judge Dawson, Judge Birnbaum confirmed that the informant existed, was reliable, had been examined “under oath,” and had an acceptable basis of knowledge for the information provided.