■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANG FE LIN, Appellant. [722 NYS2d 155] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered September 22, 1998, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of 9 to 18 years concurrent with a term of 5 to 10 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Photographic identification testimony was rendered admissible by a complainant's unexplained statement during cross-examination that he had viewed photographs, coupled with information elicited by defendant that the other complainant had viewed pictures on the day of the incident and made a misidentification as to the codefendant. These sets of facts left the jury to speculate that unfavorable evidence was being withheld by the prosecution and to draw an unfair inference that the complainant in question was unable to identify defendant after viewing photographs (see, People v Cuiman, 229 AD2d 280, lv denied 90 NY2d 903).

Any error in the admission of testimony that defendant and his codefendant were acquaintances who were living in the same apartment 11 months after the incident would be harmless in the context of this case.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were fair comment on the evidence and reasonable inferences that could be drawn therefrom, and were responsive to the defense summation (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884).

As the People concede, defendant's request for an adjournment at the time of sentence should have been granted pursuant to CPL 400.21 (6). Accordingly, defendant is entitled to resentencing.

We have considered defendant's remaining claims and conclude that they do not warrant reversal. Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.