■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LAWRENCE, Appellant. [808 NYS2d 211]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered March 5, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of seven years to life, unanimously affirmed.

Shortly after defendant's arrest, one officer showed another officer a bag of cocaine he had recovered from defendant's car and estimated the drug's weight, whereupon defendant, who was nearby, asked how the officer knew the weight of the cocaine. The hearing court properly denied defendant's motion to suppress defendant's inquiry. In the first place, prior to this interchange, an officer had administered *Miranda* warnings and there was sufficient evidence that the officer had stated the warnings correctly (*see People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]; *People v Dunkley*, 200 AD2d 499 [1994], *lv denied* 83 NY2d 871 [1994]). In any event, defendant's question was clearly spontaneous and not the product of the functional equivalent of interrogation. The police conduct consisted of normal conversation at the scene of an arrest and it was neither intended nor reasonably likely to elicit an incriminating statement (*see People v Arriaga*, 309 AD2d 544 [2003], *lv denied* 1 NY3d 624 [2004]; *People v Smith*, 298 AD2d 182 [2002], *lv denied* 99 NY2d 585 [2003]; *compare People v*

*Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Furthermore, there was no connection between defendant's spontaneous inquiry and an earlier statement that the hearing court had found to be inadmissible.

By failing to object, by failing to make specific objections, and by failing to request any further relief after objections were sustained, defendant has not preserved his present claims of prosecutorial error, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker*, 81 NY2d 661, 666-667 [1993]). Concur—Mazzarelli, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.