THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARU COLE, Appellant. [873 NYS2d 603]—

Judgment, Supreme Court, New York County (John Cataldo, J., at suppression hearing; William A. Wetzel, J., at jury trial and sentence), rendered December 22, 2005, convicting defendant of robbery in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a statement he made while he was in a holding cell. Approximately an hour before the statement at issue, defendant received *Miranda* warnings, waived his right to remain silent and made an exculpatory oral statement. Although he refused to give a written statement, this did not invoke his right to remain silent (*see People v Hendricks*, 90 NY2d 956 [1997]). Defendant did not preserve his claim that his use of the words "I have nothing to say to you" in the course of his initial statement constituted an invocation of the right of silence, and we decline to review it in the interest of justice. As an alternative holding, we find that this declaration, when viewed in the context of defendant's full statement denying involvement in the robberies in question, was ambiguous, and was not an unequivocal invocation of his right to cut off questioning (*see People v Goss*, 162 AD2d 466 [1990], *revd on other grounds* 78 NY2d 996 [1991]; *People v Allen*, 147 AD2d 968 [1989], *lv denied* 73 NY2d 1010 [1989]).

Accordingly, the police were entitled to question him further. In any event, we find that the subsequent holding cell statement was spontaneous. The hearing evidence establishes that the officers did not engage in the functional equivalent of interrogation when they engaged in normal arrest-related conversation with each other (*compare People v Lawrence*, 25 AD3d 498 [2006], *lv denied* 6 NY3d 835 [2006], *with People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]), or made brief and limited responses to questions and requests made by defendant (*compare People v Rivers*, 56 NY2d 476, 480 [1982], *with People v Lanahan*, 55 NY2d 711 [1981]).

The trial court properly concluded that, by eliciting testimony that the victim of one of the robberies was unable to make a positive photographic identification, defendant opened the door to testimony that the victim of the second robbery positively identified defendant in a photographic procedure (*see People v Massie*, 2 NY3d 179, 180 [2004]; *People v Chang Fe Lin*, 281 AD2d 321 [2001], *lv denied* 96 NY2d 860 [2001]). Defendant created a misleading impression about how he came to be arrested, and, by revealing to the jury that he was the subject of a photographic procedure, he rendered moot the principal objection to evidence of photo identifications, that when such evidence is introduced "the inference to the jury is obvious that the person has been in trouble with the law before." (*People v Caserta*, 19 NY2d 18, 21 [1966].) Defendant's constitutional claim, and his claim that an officer's testimony about the identification procedure was improper bolstering, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find them without merit. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.