THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMIR COLE, Appellant. [892 NYS2d 694]—

Memorandum: Defendant appeals from a judgment convicting him upon two verdicts, following two jury trials, of various crimes that include two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), occurring at Tony's Ranch House, and one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]), occurring at the Groove Nightclub. He also was convicted of, inter alia, four counts of robbery in the first degree (§ 160.15 [1], [2]), three counts of criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) and one count each of criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), criminal possession of a controlled substance in the seventh degree (§ 220.03), and attempted robbery in the first degree (§§ 110.00, 160.15 [2]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect to the two counts of murder at Tony's Ranch House and the count of attempted murder at the Groove Nightclub, and with respect to the crimes relating to the incident at the Kenmore Store (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude that the evidence is legally sufficient to support the conviction with respect to the Kenmore Store crimes (see generally id.). The admissions of defendant to his girlfriend concerning his involvement in the Kenmore Store crimes corroborated the testimony of defendant's accomplice (see CPL 60.22 [1];

*People v Pierce*, 303 AD2d 966 [2003], *lv denied* 100 NY2d 565 [2003]).

Contrary to the further contention of defendant, we conclude that County Court properly denied his motion seeking to sever the drug possession count from the count of criminal possession of a weapon in the third degree, inasmuch as the cocaine and gun possession were part of the same criminal transaction at the time of defendant's arrest on May 29, 2006 (*see* CPL 200.20 [2] [a]). In addition, based on the evidence that the same weapon was used in the incidents at Tony's Ranch House and the Groove Nightclub, we conclude that the "chain of joinder" was then properly extended to the robbery, murder and attempted murder counts arising out of those incidents (CPL 200.20 [2] [d]). With respect to the conviction of two counts of murder in the first degree, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as the People did not offer proof of his age (*see People v Kleinhans*, 236 AD2d 790, 791 [1997], *lv denied* 89 NY2d 1096 [1997]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). Defendant failed to move for a trial order of dismissal with respect to those counts that was " 'specifically directed' at the alleged error" (*Gray*, 86 NY2d at 19).

We have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that they are either unpreserved or without merit. Present—Scudder, P.J., Hurlbutt, Smith and Carni, JJ.