■ The People of the State of New York, Respondent, v Jason C. Howard, Appellant. [897 NYS2d 786]—

Mercure, J.P. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered July 14, 2008, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

During the course of a police investigation into narcotics sales, investigators obtained search warrants for an apartment occupied by Jason Lowe in the City of Ithaca, Tompkins County, as well as defendant's person and a vehicle rented by him. When officers executed the search warrant for Lowe's apartment, they found and detained both Lowe and defendant. At the apartment, defendant was searched and questioned as to where Lowe kept narcotics in the apartment. Approximately 2½ hours after the search of the apartment began, police searched defendant's rental vehicle and found cocaine and a sum of money. Defendant was moved to the police station and, within an hour of the search of the rental vehicle, he was administered *Miranda* warnings for the first time and questioned, making several incriminating statements in the process.

Thereafter, defendant was charged in an indictment with one count each of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. After his efforts to challenge the validity of the search warrants and suppress his statement made

at the police station proved unsuccessful, he pleaded guilty to the indictment in full. He was sentenced as a second felony offender to an aggregate prison term of 3¹/₂ years to be followed by 1¹/₂ years of postrelease supervision, and now appeals.

Contrary to the People's claims, defendant's arguments are all preserved for our review; nevertheless, we affirm. Initially, defendant takes issue with County Court's ruling, after an in camera review of the search warrant applications for his person and rental vehicle, that those warrants were issued upon probable cause. The warrant applications at issue involved two confidential informants, both of whom had provided investigators with accurate and reliable information in the past that had led to the recovery of drugs. One of those informants made two prearranged controlled drug purchases from defendant as an agent of the police. The telephone calls setting up the purchases were recorded and the informant was searched prior to the transactions, which were then observed and recorded by investigators. Moreover, both transactions occurred in rental vehicles, defendant had returned to the area in a rental vehicle at the time of the warrant applications, and the second confidential informant had indicated that defendant would be selling drugs from that vehicle. Inasmuch as this evidence amply established the reliability of both informants and the information obtained from them, it provided reasonable cause to believe that evidence of drug crimes would be found on defendant's person and in his vehicle and, thus, justified the issuance of the warrants (*see* CPL 690.40 [2]; *People v Alston*, 1 AD3d 627, 628-629 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Lee*, 303 AD2d 839, 840 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Scott*, 256 AD2d 657, 658-659 [1998], *lv denied* 92 NY2d 1038 [1998]).

Turning to the voluntariness of defendant's statement to police, he argues that he was improperly subjected to custodial interrogation when questioned at Lowe's apartment, which warranted suppression of his later Mirandized statement, as both were "part of a 'single continuous chain of events' " (*People v Paulman*, 5 NY3d 122, 130 [2005], quoting *People v Chapple*, 38 NY2d 112, 114 [1975]; *see People v White*, 10 NY3d 286, 290-291 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]). Defendant was undoubtedly in custody at Lowe's apartment, but it is arguable whether the inquiries made there—namely, whether he knew where Lowe kept drugs in the apartment—constituted an interrogation, inasmuch as those questions could not reasonably be expected to, and did not, elicit a response from defendant that incriminated him (*see Rhode Island v Innis*, 446 US 291, 301-302 [1980]; *People v Paulman*, 5 NY3d at 129). Assuming

that an impermissible custodial interrogation did occur, whether the questioning of defendant and his later Mirandized statement comprised a single continuous chain of events depends upon a number of factors, including: (1) the time elapsed between the *Miranda* violation and later statement, (2) whether the same police officers were involved in obtaining each statement, (3) whether a change in the location or nature of the questioning occurred, (4) the circumstances surrounding the violation itself and (5) whether defendant had indicated a willingness to speak to police prior to the *Miranda* violation (*see People v Paulman*, 5 NY3d at 130-131; *People v Hall*, 41 AD3d 880, 883 [2007], *lv denied* 9 NY3d 876 [2007]).

Here, the same investigator conducted both interviews, defendant did not evince a prior willingness to speak to that investigator, and County Court credited defendant's testimony that such questioning occurred while the investigator was conducting a strip search of defendant. That being said, the initial questioning was very brief and was designed to assist police in their search of Lowe's apartment, while the later questioning related to defendant's involvement in criminal activity. Moreover, some time passed between the initial questioning and the Mirandized interview, and defendant was moved from the apartment to the police station prior to the later interview. Defendant also made no inculpatory statements at the apartment and that fact, while not dispositive, points against a finding that the earlier statement tainted the later one (*see People v White*, 10 NY3d at 291). Accordingly, County Court properly determined that any taint caused by the initial questioning had dissipated by the time of the Mirandized interview.

We have also reviewed a video recording of defendant's interrogation and are satisfied that his statement that he had "nothing to say," when taken in context, was not an unequivocal invocation of his right to remain silent or a direction that he wished the interview to end (*see People v Cole*, 59 AD3d 302, 302-303 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Lowin*, 36 AD3d 1153, 1154-1155 [2007], *lv denied* 9 NY3d 847 [2007]; *People v Allen*, 147 AD2d 968, 968 [1989], *lv denied* 73 NY2d 1010 [1989]).

Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.