# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**52**

**KA 09-01461**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JORGE DENIS, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 30, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]). We reject defendant's contention that he was unlawfully arrested in his home without an arrest warrant in violation of *Payton v New York* (445 US 573), and that County Court therefore erred in refusing to suppress his statements to the police as the fruits of an unlawful arrest. Police officers were in defendant's home pursuant to a valid search warrant and, "[s]ince the requirements for a search warrant were satisfied, there was no constitutional infirmity in the failure of the police to also secure an arrest warrant" (*People v Lee*, 205 AD2d 708, 709, *lv denied* 84 NY2d 828; *see People v Barfield*, 21 AD3d 1396, *lv denied* 5 NY3d 881; *People v Battista*, 197 AD2d 486, *lv denied* 82 NY2d 891, 83 NY2d 869).

We reject defendant's further contention that there was insufficient evidence to corroborate the accomplice's testimony. Rather, the testimony of the accomplice was amply corroborated by, inter alia, police testimony concerning defendant's conduct while under surveillance, the cocaine seized from the accomplice's van, the large amount of cash found in defendant's home during the execution of the search warrant, and defendant's statements following his arrest (*see generally* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192; *People v Taylor*, 87 AD3d 1330, *lv denied* 17 NY3d 956; *People v Cole*, 68 AD3d 1763, *lv denied* 14 NY3d 839). Viewing the evidence in light

of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and affording the appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, *lv denied* 15 NY3d 805), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends in addition that he was deprived of a fair trial by prosecutorial misconduct. The record establishes, however, that defendant waived his contention because, near the end of the prosecutor's summation, defense counsel consulted with defendant and expressly declined the court's offer of a mistrial based on the prosecutor's misconduct (*see People v Myers*, 87 AD3d 1286, *lv denied* ___ NY3d ___ [Dec. 20, 2011]; *People v Harris*, 74 AD3d 1844, *lv denied* 15 NY3d 893; *see also People v Santos*, 41 AD3d 324, *lv denied* 9 NY3d 926). Finally, we reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to move for a mistrial or to accept the court's sua sponte offer to grant one. Defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcoming[]" in that respect (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Rivera*, 71 NY2d 705, 709).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court