# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510
KA 10-01775
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KELVIN SPEARS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 31, 2009. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the second degree (Penal Law § 130.60 [2]). We agree with defendant that Supreme Court's "single reference to [the] right to appeal is insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857 [internal quotation marks omitted]). Contrary to defendant's contention, the court did not abuse its discretion in denying his request for an adjournment at sentencing (*see generally People v Aikey*, 94 AD3d 1485, 1486, *lv denied* 19 NY3d 956; *People v LaCroce*, 83 AD3d 1388, 1388, *lv denied* 17 NY3d 807). Additionally, defendant failed to preserve for our review his contention that the plea colloquy was factually insufficient inasmuch as he failed to move to withdraw his plea of guilty or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665; *People v Streeter*, 23 AD3d 1113, 1114, *lv denied* 6 NY3d 759). The narrow exception to the preservation rule does not apply here (*see Lopez*, 71 NY2d at 666), and in any event defendant's contention lacks merit (*see id.* at 666 n 2; *People v Scott*, 15 AD3d 883, 884, *lv denied* 4 NY3d 856).

Entered:  May 3, 2013                          Frances E. Cafarell
                                              Clerk of the Court