People v Draper (2018 NY Slip Op 02553)





People v Draper


2018 NY Slip Op 02553


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6266 589/12

[*1]The People of the State of New York, Respondent,
v
John Draper, Defendant-Appellant.


The Elbert Law Firm, Melville (Michael D. Elbert of counsel), for appellant.
John Draper, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at hearing; Ronald A. Zweibel, J. at jury trial and sentencing), rendered March 25, 2014, convicting defendant of attempted assault in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.
The court properly denied defendant's motion to suppress the lineup identification. The lineup was not unduly suggestive, because defendant and the fillers were all reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). There was no noticeable age discrepancy, regardless of the variation in actual age among the lineup participants. While the fillers were somewhat more casually dressed than defendant, the difference was not particularly striking, and none of the witnesses had described the assailant's clothing.
The court providently exercised its discretion in precluding defendant from introducing a police record related to the impoundment of his car, which contained a handwritten notation indicating "blood in vehicle, locked." Although defendant asserts that the presence of blood in his car would cast doubt on the People's version of the incident, this notation was unexplained, and was inconsistent with the electronic version of the form, as well as the recollections of the police officer who prepared the form and the detective who found no blood when he searched the car. Regardless of whether defendant could have laid a sufficient foundation for the admissibility of this notation as a business record, it was irrelevant to any of the issues actually litigated at trial, or, at most, was of slight probative value that was outweighed by the potential of misleading the jury (see People v Primo, 96 NY2d 351, 355 [2001]). To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
The court also providently exercised its discretion when it determined that, under the circumstances presented, defendant created a misleading impression about the alleged inadequacy of the police investigation, and thereby opened the door to testimony about a photo [*2]identification that led to his arrest (see People v Cole, 59 AD3d 302, 303 [1st Dept 2009], lv denied 12 NY3d 924 [2009]). In any event, the challenged evidence was not unduly prejudicial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK