People v Quinones (2019 NY Slip Op 05922)





People v Quinones


2019 NY Slip Op 05922


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


628 KA 15-01805

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERTO QUINONES, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 13, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). The conviction arose from defendant's intentional killing of a man in the course of robbing him. We now affirm.
Upon our independent review of the evidence in light of the elements of the crimes as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Sanchez, 32 NY3d 1021, 1023 [2018]), we conclude that an acquittal on any count would have been unreasonable in light of defendant's detailed videotaped confession to police, his graphic audiotaped confession to a friend, the testimony of the getaway driver, the corroborating testimony of neighborhood residents who heard gunshots and thereafter saw two men matching the description of defendant and his accomplice running toward the getaway driver's car, and the consciousness of guilt reflected in defendant's recorded jailhouse calls. The verdict thus is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Wheeler, 159 AD3d 1138, 1140 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]).
Contrary to defendant's contention, Supreme Court properly refused to suppress his confession on Payton grounds. "Police officers were in defendant's home pursuant to a valid search warrant and, since the requirements for a search warrant were satisfied,' " we conclude that " there was no constitutional infirmity in the failure of the police to also secure an arrest warrant' " (People v Denis, 91 AD3d 1301, 1301 [4th Dept 2012], lv denied 19 NY3d 959 [2012]; see People v Barfield, 21 AD3d 1396, 1396 [4th Dept 2005], lv denied 5 NY3d 881 [2005]; People v Lee, 205 AD2d 708, 709 [2d Dept 1994], lv denied 84 NY2d 828 [1994]). We note that defendant explicitly concedes the validity of the search warrant, and he does not dispute that the police had probable cause to arrest him.
Contrary to defendant's further contention, defense counsel was not ineffective in failing to move to suppress his confession on the ground that he invoked his right to silence during the interrogation. The governing law is unfavorable to a claim that defendant effectively invoked that right under the circumstances presented here (see e.g. People v Howard, 72 AD3d 1199, 1201 [3d Dept 2010], lv denied 15 NY3d 806 [2010]; People v Cole, 59 AD3d 302, 302 [1st Dept 2009], lv denied 12 NY3d 924 [2009]; People v Allen, 147 AD2d 968, 968 [4th Dept 1989], lv denied 73 NY2d 1010 [1989], reconsideration denied 74 NY2d 660 [1989]), and we thus [*2]cannot say that counsel's failure to seek suppression on that ground rendered her performance constitutionally deficient (see People v Brunner, 16 NY3d 820, 821 [2011]; People v Bradford, 118 AD3d 1254, 1255-1256 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). Moreover, because defendant identifies no statement that he made during the interrogation that could plausibly be construed as a request for an attorney (cf. People v Howard, 167 AD3d 1499, 1501 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]), we reject his separate contention that defense counsel was ineffective in failing to seek suppression on that ground (see Bradford, 118 AD3d at 1255-1256).
Contrary to defendant's further contention, the court properly denied his motion for a mistrial based on alleged juror misconduct. The record of the court's Buford inquiry demonstrates that the alleged misconduct consisted only of a "totally innocuous" conversation between jurors during a recess, that such conversation had "nothing to do with the jury's evaluation of the evidence," and that the court's general instructions and inquiries of the relevant jurors "were sufficient to address any possibility of prejudice" (People v Bosket, 295 AD2d 202, 203 [1st Dept 2002], lv denied 98 NY2d 708 [2002], lv denied 99 NY2d 555 [2002]). We note that CPL 270.35 (1) is not implicated here because defendant never sought to discharge the subject jurors.
Defendant next argues that the fairness of his trial was compromised by prosecutorial misconduct on summation. We do not agree. Although the bulk of the challenged comments "would have been better left unsaid," the record as a whole "fails to disclose that the prosecutor engaged in a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (People v Pitt, 170 AD3d 1282, 1285 [3d Dept 2019] [internal quotation marks omitted]; see People v Stanley, 108 AD3d 1129, 1131 [4th Dept 2013], lv denied 22 NY3d 959 [2013]). Reversal is therefore unwarranted (see generally People v Nunes, 168 AD3d 1187, 1193 [3d Dept 2019], lv denied 33 NY3d 979 [2019]).
The sentence is not unduly harsh or severe. We have considered and rejected defendant's remaining contentions.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court