People v Czternastek (2019 NY Slip Op 05929)





People v Czternastek


2019 NY Slip Op 05929


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


690 KA 17-01495

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARC CZTERNASTEK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 15, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law
§ 125.25 [1]), defendant contends that County Court erred in refusing to suppress statements that he made to the police after he purportedly invoked his right to remain silent. We reject that contention. The law in that area is well settled. If a suspect in custody "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease" (Miranda v Arizona, 384 US 436, 473-474 [1966]; see People v Ferro, 63 NY2d 316, 322 [1984], cert denied 472 US 1007 [1985]). The statements defendant made to a police detective—"I can't talk no more" and "I've told you everything"—"when taken in context, [were] not an unequivocal invocation of his right to remain silent or a direction that he wished the interview to end" (People v Howard, 72 AD3d 1199, 1201 [3d Dept 2010], lv denied 15 NY3d 806 [2010]; see e.g. People v Cole, 59 AD3d 302, 302 [1st Dept 2009], lv denied 12 NY3d 924 [2009]; People v Allen, 147 AD2d 968, 968 [4th Dept 1989], lv denied 73 NY2d 1010 [1989], reconsideration denied 74 NY2d 660 [1989]; cf. People v Douglas, 8 AD3d 980, 980-981 [4th Dept 2004], lv denied 3 NY3d 705 [2004]).
In any event, we conclude that any error by the court in refusing to suppress the statements made by defendant after he purportedly invoked his right to remain silent is harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt (see People v Deas, 102 AD3d 464, 464 [1st Dept 2013], lv denied 20 NY3d 1097 [2013]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). We note that defendant made no admissions to the detective during his prolonged interview, and the videotape of defendant's police interview was not admitted in evidence at trial. Moreover, defendant testified at trial and admitted to having stabbed the two victims; the only issue at trial related to defendant's intent, and his statements to the detective were not harmful to defendant on that issue.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's final contention, the sentence is not unduly harsh and severe.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court