■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD EUDELL, Appellant. [668 NYS2d 960] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, Brunetti, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Wisner, Callahan, Doerr and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOLMES, Appellant. [668 NYS2d 961] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GAINES, Appellant. [668 NYS2d 959] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Marks, J.—Burglary, 2nd Degree.) Present—Green, Lawton, Callahan, Doerr and Fallon, JJ.

■ PEOPLE, Respondent, v SCOTT JUNE, Defendant. [668 NYS2d 961] —Motion for an extension of time to take appeal granted. Memorandum: The fact that a defendant waives his right to appeal as part of a negotiated plea agreement "does not foreclose appellate review in all situations" and is not "sufficient to divest the court of subject matter jurisdiction" (*People v Callahan,* 80 NY2d 273, 284). The failure to notify a defendant in writing pursuant to 22 NYCRR 1022.11 (a), even when the right to appeal has been waived, constitutes improper conduct (*see,* CPL 460.30 [1] [a]). Present—Green, J. P., Callahan, Doerr, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADRIEN LA PLANCHE, Petitioner, v CHARLES BRUNELLE, as Superintendent of Wyoming Correctional Facility, Respondent. [668 NYS2d 963] —Motion to extend time to take appeal denied. Memorandum: Because petitioner failed to file or serve a timely notice of appeal, he forfeited the right to appeal from the judgment denying his habeas corpus petition (*see,* CPLR 5520 [a]). Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.