■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN T. THOMAS, Appellant. (Appeal No. 1.) [803 NYS2d 491]— Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 28, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN T. THOMAS, Appellant. (Appeal No. 2.) [803 NYS2d 492]— Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered December 9, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, criminal possession of a weapon in the second degree, attempted assault in the first degree, assault in the first degree and reckless endangerment in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Even assuming, arguendo, that defendant preserved for our review his

contention that his plea was not knowing, voluntary and intelligent, we conclude that defendant's contention is without merit (*see generally People v Harris*, 61 NY2d 9, 19-20 [1983]). We reject the further contention of defendant that County Court erred in refusing to suppress his statement to the police. Contrary to defendant's contention, the court did not err in crediting the testimony of the detective at the suppression hearing over that of defendant (*see People v Barfield*, 21 AD3d 1396 [2005]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.