# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**6**
**KA 15-00472**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANCIS FINSTER, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANCIS FINSTER, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 20, 2011. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. We agree with defendant that County Court's "single reference to defendant's right to appeal is insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Spears*, 106 AD3d 1534, 1535, *affd* 24 NY3d 1057). We reject the People's contention that defendant signed a waiver of the right to appeal. To the contrary, the record establishes that defendant signed a form notice indicating that he had the right to appeal (*see* 22 NYCRR 1022.11 [a]; *see generally People v June*, 242 AD2d 977, 977; *People v Crum*, 197 AD2d 936, 937). Nevertheless, we reject defendant's challenge to the severity of the sentence.

Finally, we reject defendant's contention in his pro se supplemental brief that he did not validly waive the right to be prosecuted by an indictment issued by a grand jury. The record reflects that "the written waiver—bearing the same date as the plea

allocution—was executed in counsel's presence, and . . . the waiver expressly recites that it was 'executed in open court.'  Under these circumstances, . . . defendant's waiver of indictment conformed to the requirements of CPL 195.20" (*People v Simmons*, 110 AD3d 1371, 1372).

Entered:  February 5, 2016                                   Frances E. Cafarell
                                                            Clerk of the Court