People v Warner (2018 NY Slip Op 08793)





People v Warner


2018 NY Slip Op 08793


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1121 KA 17-00395

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH WARNER, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 22, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The plea colloquy and the written waiver of the right to appeal, which defendant indicated that he had reviewed with his attorney and understood, demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal (see People v Cochran, 156 AD3d 1474, 1474 [4th Dept 2017], lv denied 30 NY3d 1114 [2018]; People v Farrara, 145 AD3d 1527, 1527 [4th Dept 2016], lv denied 29 NY3d 997 [2017]; see also People v Ramos, 7 NY3d 737, 738 [2006]). Contrary to defendant's contention, County Court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Bentley, 63 AD3d 1624, 1625 [4th Dept 2009], lv denied 13 NY3d 742 [2009]). The valid waiver of the right to appeal forecloses our review of defendant's contention that the sentence is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255-256 [2006]; Cochran, 156 AD3d at 1474), as well as our review of his contention that the sentence constitutes cruel and unusual punishment (see People v Santilli, 16 AD3d 1056, 1056-1057 [4th Dept 2005]).
Even assuming, arguendo, that defendant preserved for our review his contention that his plea was not knowing, voluntary and intelligent (see People v Thomas [appeal No. 2], 23 AD3d 1156, 1156 [4th Dept 2005], lv denied 6 NY3d 759 [2005]), we conclude that defendant's contention is without merit. Although defendant initially denied committing the crime, upon further inquiry by the court he admitted that he discharged a weapon in another person's direction with the intention of causing serious physical injury to that person (see People v Campbell, 256 AD2d 1112, 1112 [4th Dept 1998]; People v Brow, 255 AD2d 904, 905 [4th Dept 1998]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court