THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KING JONES, Appellant. [832 NYS2d 370]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 21, 2004. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree

(Penal Law § 155.30 [4]). Defendant contends that he was denied effective assistance of counsel because defense counsel failed to seek suppression of the victim's showup identification of defendant on the ground that defendant had been unlawfully arrested in his home without a warrant (*see generally Payton v New York*, 445 US 573, 576 [1980]). We reject that contention. The showup identification was made outside defendant's home and thus was not "the product of" the alleged *Payton* violation (*New York v Harris*, 495 US 14, 19 [1990]; *see People v Jones*, 2 NY3d 235, 240 [2004]; *see also People v Robinson*, 8 AD3d 131, 132 [2004], *lv denied* 3 NY3d 680 [2004]). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see generally People v Henry*, 95 NY2d 563, 565 [2000]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.