■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES LUCIANO, Also Known as FERNANDO SERRANO, Appellant. [843 NYS2d 153]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 12, 2006, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was arrested in his home while the police were executing a valid search warrant. "Since the requirements for a search warrant were satisfied, there was no constitutional infirmity in the failure of the police to also secure an arrest warrant" (*People v Lee,* 205 AD2d 708, 709 [1994]; *see People v Barfield,* 21 AD3d 1396 [2005]). Contrary to the defendant's contention, the police had probable cause to arrest him on the basis of statements implicating him in the crime by his accomplices, one of whom the defendant previously had identified to the police as having information regarding the crime (*see People v Johnson,* 7 AD3d 732, 732-733 [2004]; *People v Malik,*

265 AD2d 577 [1999]; *People v Rodriguez*, 188 AD2d 564 [1992]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police.

The sentence imposed was not excessive (*see* Penal Law § 70.04 [3] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.