# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1331

KA 11-00278

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DEMARIO S. QUINN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered October 6, 2010. The judgment convicted defendant, upon a nonjury verdict, of grand larceny in the third degree, falsifying business records in the first degree (two counts), grand larceny in the fourth degree and offering a false instrument for filing in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reversing that part convicting defendant of offering a false instrument for filing in the first degree under count eight of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of one count each of grand larceny in the third degree (Penal Law § 155.35 [1]) and grand larceny in the fourth degree (§ 155.30 [1]), and two counts each of falsifying business records in the first degree (§ 175.10) and offering a false instrument for filing in the first degree (§ 175.35). At the outset, we note that defendant failed to preserve for our review his contention that counts seven and eight of the indictment, charging him with offering a false instrument for filing, are multiplicitous (*see* CPL 470.05 [2]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]) and, as the People correctly concede, we conclude that defendant's contention has merit. An indictment "is multiplicitous when a single offense is charged in more than one count" (*People v Alonzo*, 16 NY3d 267, 269) and, here, those counts are multiplicitous because they are based on the same instrument and that instrument was offered for filing only once. We therefore modify the judgment accordingly.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of offering a false instrument for filing under count seven of the indictment because in his motion for a trial order of dismissal he asserted only that there was no showing that a false instrument was filed (*see People v Gray*, 86 NY2d 10, 19).  In any event, that contention is without merit because "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [the factfinder] on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). Moreover, we reject defendant's further contentions that the verdict is against the weight of the evidence insofar as he was found guilty of offering a false instrument for filing in the first degree under count seven and grand larceny in the fourth degree under count six. Viewing the evidence in light of the elements of those crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We have considered defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court