# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

881

KA 11-01779

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAYLA FULTON, DEFENDANT-APPELLANT.

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SHAYLA FULTON, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered September 2, 2010. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree (two counts), assault in the first degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]), assault in the first degree (§ 120.10 [1]), and grand larceny in the fourth degree (§ 155.30 [1]), arising from the alleged robbery of a restaurant by defendant and her brother. Defendant contends in her pro se supplemental brief that she was the victim of unconstitutional selective prosecution based upon race (*see generally People v Blount*, 90 NY2d 998, 999), but that contention was forfeited by her plea of guilty (*see People v Santiago*, 55 NY2d 776, 777; *People v Ortiz*, 233 AD2d 955, 956). Defendant further contends in her pro se supplemental brief that counts one, three and four are multiplicitous on the ground that those counts are based upon the same conduct as the conduct charged in count two. That contention is not preserved for our review inasmuch as she failed to challenge the indictment on that ground (*see* CPL 470.05 [2]; *see People v Quinn*, 103 AD3d 1258, 1258, *lv denied* 21 NY3d 946). In any event, the contention is without merit. "An indictment 'is multiplicitous when a single offense is charged in more than one count' " (*Quinn*, 103 AD3d at 1259, quoting *People v Alonzo*, 16 NY3d 267, 269). Where, as here, however, each count "requires proof of an additional fact that the other does not," the indictment is not multiplicitous (*People v Jefferson*, 125

AD3d 1463, 1464, *lv denied* 25 NY3d 990 [internal quotation marks omitted]; *cf. Alonzo*, 16 NY3d at 269-270; *People v Casiano*, 117 AD3d 1507, 1509).

Defendant failed to preserve for our review the contention in her pro se supplemental brief that both the search warrant and her arrest were based upon unreliable statements of an accomplice and thus were not based on probable cause (*see* CPL 470.15 [3] [c]).  In any event, we conclude that the contention is without merit inasmuch as "the statement by the identified citizen informant that was against the informant's 'own penal interest constituted reliable information for the purposes of supplying probable cause' " (*People v Brito*, 59 AD3d 1000, 1000, *lv denied* 12 NY3d 814).  Contrary to the further contention of defendant in her pro se supplemental brief, County Court "properly refused to suppress the . . . statements that [she] made to police investigators while [she] was in custody.  The court's determination that defendant voluntarily waived [her] *Miranda* rights prior to making those statements was based upon the credibility of the witness[ ] at the suppression hearing and thus is entitled to great deference" (*People v Vaughan*, 48 AD3d 1069, 1071, *lv denied* 10 NY3d 845, *cert denied* 555 US 910).

The contention of defendant in her pro se supplemental brief that her plea was not knowingly, intelligently and voluntarily entered because a favorable sentence for her brother was conditioned upon her plea of guilty is not preserved for our review inasmuch as she failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Theall*, 109 AD3d 1107, 1108, *lv denied* 22 NY3d 1159; *cf. People v Fiumefreddo*, 82 NY2d 536, 538-539).  In any event, that contention is without merit because the record does not establish that defendant's plea was connected to her brother's sentence (*cf. Fiumefreddo*, 82 NY2d at 542-543).  Furthermore, the record establishes that "nothing in the plea allocution called into question defendant's admitted guilt or the voluntariness of the plea" (*People v Adams*, 66 AD3d 1355, 1355-1356, *lv denied* 13 NY3d 858).

Defendant's contention in her pro se supplemental brief that she was denied effective assistance of counsel based upon defense counsel's allegedly erroneous summary of the evidence during the plea colloquy does not survive the plea of guilty because defendant has "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of the attorney['s] allegedly poor performance' " (*People v Grandin*, 63 AD3d 1604, 1604, *lv denied* 13 NY3d 744).

Finally, contrary to the contention raised in the main and pro se supplemental briefs, the sentence is not unduly harsh and severe.


Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court