# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**197**
**KA 14-00956**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY MILLS, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 12, 2014. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a nonjury trial of four counts of burglary in the second degree (Penal Law § 140.25 [2]), defendant challenges the validity of his waiver of a jury trial. Defendant failed to preserve that challenge for our review (*see People v Hailey*, 128 AD3d 1415, 1415-1416, *lv denied* 26 NY3d 929; *see generally People v Padro*, 75 NY2d 820, 821, *rearg denied* 75 NY2d 1005, *rearg dismissed* 81 NY2d 989). In any event, we conclude that defendant's challenge is without merit inasmuch as " 'the record establishes that defendant's waiver was knowing, voluntary and intelligent' " (*Hailey*, 128 AD3d at 1416; *see People v Moran*, 87 AD3d 1312, 1312, *lv denied* 19 NY3d 976).

Defendant contends that County Court erred in refusing to suppress evidence obtained pursuant to an arrest of defendant because the police lacked probable cause to arrest him. We reject defendant's contention, inasmuch as "the police had probable cause to arrest him on the basis of statements [of his accomplice] implicating him in the crime" (*People v Luciano*, 43 AD3d 1183, 1183, *lv denied* 9 NY3d 991; *see People v Berzups*, 49 NY2d 417, 426-427; *People v Fulton*, 133 AD3d 1194, 1195, *lv denied* 26 NY3d 1109). We also reject defendant's contention that evidence recovered during a search of his residence should have been suppressed on the ground that his fiancé did not consent to the search. We conclude that the People met their burden of establishing at the suppression hearing that the police reasonably

believed that defendant's fiancé had the authority to consent to the search of the residence (*see People v Adams*, 53 NY2d 1, 8, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Plumley*, 111 AD3d 1418, 1419, *lv denied* 22 NY3d 1140), and that she voluntarily consented to the search (*see generally People v Gonzalez*, 39 NY2d 122, 128; *People v May*, 100 AD3d 1411, 1412, *lv denied* 20 NY3d 1063). The testimony of defendant's fiancé at the suppression hearing that she did not voluntarily consent to the search raised an issue of credibility that the court was entitled to resolve against defendant (*see generally People v Prochilo*, 41 NY2d 759, 761; *People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795).

We reject defendant's further contention that the testimony of his accomplice was not sufficiently corroborated and thus that the conviction is not supported by legally sufficient evidence. The record establishes that the People presented sufficient evidence to satisfy the corroboration requirement, including, inter alia, evidence that several items stolen during the burglaries were found in defendant's residence (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192; *People v Cortez*, 81 AD3d 742, 742-743, *lv denied* 16 NY3d 894). Contrary to defendant's contention, viewing the evidence in light of the elements of the crime of burglary in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention that corrective action is required because the court failed to specify whether the sentences would run consecutively or concurrently, the record establishes that the court sentenced defendant to consecutive terms of incarceration for the first and second counts of burglary in the second degree, and that the sentences for the third and fourth counts would run concurrently. Finally, the sentence is not unduly harsh or severe.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court