# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**247**

**KA 12-01252**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

COREY T. KIMMY, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered March 26, 2012. The judgment convicted defendant, upon a jury verdict, of attempted kidnapping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20), defendant contends that he was deprived of his right to present a defense when, during defense counsel's summation, County Court instructed the jury to disregard a comment made by defense counsel that was central to the defense. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]). In any event, we conclude that any error in the court's instruction is harmless inasmuch as the court immediately thereafter "permitted defendant to make the same point, expressed in different language" (*People v Vasquez*, 288 AD2d 17, 17, *lv denied* 97 NY2d 734).

We also reject defendant's related contention that he was deprived of his right to present a defense when, during cross-examination of a prosecution witness, the court precluded defense counsel from referring to the initial police description of the incident as an assault or an attempted assault, as opposed to an attempted kidnapping. The initial description of the incident was given before defendant was arrested and police investigation was complete and thus was irrelevant to the issues to be determined by the jury. Defense counsel was not otherwise prevented from asserting that defendant committed nothing more than a mere assault. Indeed, that argument was made repeatedly at trial by defense counsel.

Defendant failed to preserve for our review his contention that

the evidence is legally insufficient to establish that he attempted to kidnap the victim inasmuch as his motion for a trial order of dismissal was not directed at that alleged defect in the proof (*see generally People v Gray*, 86 NY2d 10, 19). In any event, we reject that contention. The evidence at trial established that defendant left his vehicle running in the middle of the street, with the door open, and grabbed and assaulted the 13-year-old victim in a sexual manner as she tried to ride her bicycle around him. Although defendant, who had been seen "cruising" the neighborhood at the same time of day in the two weeks prior to the crime, ran away when the victim resisted and yelled for help, he later gave a statement to police that he intended to "take" the victim "depending on how she reacted" to his assault. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury based on the evidence at trial, i.e., that defendant attempted to kidnap the victim (*see generally People v Bleakley*, 69 NY2d 490, 495). We further conclude that the verdict is not against the weight of the evidence (*see generally id.*). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Ohse*, 114 AD3d 1285, 1286-1287, *lv denied* 23 NY3d 1041).

We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered: March 25, 2016           Frances E. Cafarell
Clerk of the Court