# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1099**
**KA 14-00192**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

BRANDON W. BOX, DEFENDANT-APPELLANT.
_____

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BRANDON W. BOX, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.
-------------------------------------------------------------------------------------------------------------

        Appeal from a judgment of the Supreme Court, Monroe County (Alex
R. Renzi, J.), rendered December 11, 2013.  The judgment convicted
defendant, upon a jury verdict, of identity theft in the first degree
and falsifying business records in the first degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

        Memorandum:  Defendant appeals from a judgment convicting him,
following a jury trial, of identity theft in the first degree (Penal
Law § 190.80 [1]) and falsifying business records in the first degree
(§ 175.10), based on allegations that he applied for a credit card in
his grandfather's name and then either he or his accomplice used that
credit card to make over $2,000 in cash withdrawals or gift card
purchases at two different Wal-Mart stores over the course of one
week.  To the extent that defendant contends that the evidence is
legally insufficient to establish that the multiple uses of the credit
card were part of a single, intentional crime as opposed to separate
and distinct lesser crimes, we conclude that defendant failed to
preserve that contention for our review by a timely motion to dismiss
directed at that specific deficiency in the proof (*see People v Gray*,
86 NY2d 10, 19).  Were we to reach the merits of that contention, we
would conclude that there is sufficient evidence that the repeated use
of the credit card "was governed by a single intent and a general
illegal design" (*People v Cox*, 286 NY 137, 143, *rearg denied* 286 NY
706).

        In his pro se supplemental brief, defendant contends that the
evidence is legally insufficient to establish that he assumed his
grandfather's identity.  That contention is also not preserved for our

review (*see Gray*, 86 NY2d at 19) and, in any event, we conclude that it lacks merit (*see People v Yuson*, 133 AD3d 1221, 1222, *lv denied* 27 NY3d 1157).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to defendant's intent to defraud, an element of both offenses (*see generally People v Bleakley*, 69 NY2d 490, 495). Although the grandfather did not testify, the evidence at trial established that defendant lacked the grandfather's permission to apply for and use the credit card, thereby establishing that defendant acted with an intent to defraud. Defendant filed the application in the predawn hours of January 18, 2013 and, although he testified that he filed the application in the presence of and with the permission of his grandfather, defendant's sister, with whom the grandfather lived, testified that defendant did not visit his grandfather during the entire month of January 2013. Moreover, the accomplice testified that defendant filed the application online at his own residence without the grandfather's knowledge or consent. Defendant and the accomplice admitted at trial that they made over $1,000 in cash withdrawals and that they used that money to buy crack cocaine. From documentary exhibits and the accomplice's testimony, the People established that defendant and the accomplice purchased over $1,000 in gift cards, which they traded for crack cocaine. In a recorded telephone call with his mother, defendant attempted to ensure that the grandfather would not testify at trial, which would be illogical if, in fact, defendant had the grandfather's permission to apply for and use the credit card.

Defendant failed to preserve for our review his contention that Supreme Court improperly limited defense counsel's summation (*see People v Kimmy*, 137 AD3d 1723, 1723-1724, *lv denied* 27 NY3d 1134; *People v Gong*, 30 AD3d 336, 336, *lv denied* 7 NY3d 812), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Moreover, although defendant contends that the prosecutor improperly shifted the burden of proof during summation, we conclude that reversal is not warranted because the prosecutor's "single improper comment was not so egregious that defendant was thereby deprived of a fair trial" (*People v Willson*, 272 AD2d 959, 960, *lv denied* 95 NY2d 873). We note that the court "sustained defendant's objection to the improper comment and instructed the jury to disregard it, and the jury is presumed to have followed the court's instructions" (*People v Smalls*, 100 AD3d 1428, 1430, *lv denied* 21 NY3d 1010).

Defendant contends that the indictment was duplicitous and multiplicitous and, further, that the testimony at trial rendered the indictment duplicitous. The Court of Appeals has unequivocally held that "issues of non-facial duplicity, like those of facial duplicity, must be preserved for appellate review," and defendant failed to do so by either a motion to dismiss the indictment or an objection at trial (*People v Allen*, 24 NY3d 441, 449-450; *see People v Rivera*, 133 AD3d 1255, 1256, *lv denied* 27 NY3d 1154). Defendant likewise failed to

preserve for our review his multiplicity contention "inasmuch as [he] failed to challenge the indictment on that ground" (*People v Fulton*, 133 AD3d 1194, 1194, *lv denied* 26 NY3d 1109, *reconsideration denied* 27 NY3d 997; *see People v Morey*, 224 AD2d 730, 731, *lv denied* 87 NY2d 1022). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to count two, charging defendant with falsifying business records in the first degree (Penal Law § 175.10), defendant contends that this count impermissibly "double counts" defendant's single criminal intent in violation of *People v Cahill* (2 NY3d 14). We reject that contention. Section 175.10 provides that a person is guilty of falsifying business records in the first degree if he or she commits the crime of falsifying business records in the second degree and "his [or her] intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof." Defendant thus contends that his intent to defraud in using the credit card was "not meaningfully independent of his intent to defraud through commission (or concealment) of the identity theft associated with gaining the credit card."

Defendant's reliance on *Cahill* in support of that contention is misplaced. In *Cahill*, the defendant was charged with murder in the first degree under Penal Law § 125.27 (1) (a) (vii), based on the aggravating factor that the victim was killed during the commission of a burglary. In that case, the crime the defendant intended to commit for purposes of the underlying burglary was the murder of the victim, and the Court thus held that, "[i]f the burglar intends only murder, that intent cannot be used both to define the burglary and at the same time bootstrap the second degree (intentional) murder to a capital crime" (*id.* at 65). In short, the intent to commit murder could not serve as both the basis for the crime (intentional murder) as well as the basis for the aggravating factor (burglary committed with the intent to commit the crime of murder) for the same murder charge. To do so would "double count" the same criminal intent *in a single charge*. Here, however, defendant's intent to commit a crime, an element of falsifying business records in the first degree, was the intent to commit the separate and distinct crime of identity theft. We thus conclude that, even if defendant's intent to defraud was the same in both charges, the indictment did not impermissibly double-count that intent in a single charge.

Also with respect to count two, defendant contends that the court's instruction on that charge violated the rule of *People v Gaines* (74 NY2d 358) and may have resulted in a lack of unanimity in the verdict in violation of *People v McNab* (167 AD2d 858). Because defendant failed to object to the charge as given, we conclude that those contentions are not preserved for our review (*see Allen*, 24 NY3d at 449; *People v Curella*, 296 AD2d 578, 578; *People v Nelson*, 186 AD2d 1068, 1068, *lv denied* 81 NY2d 764), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Throughout the proceedings in the trial court, defendant requested a substitution of counsel, contending that defense counsel was operating under a conflict of interest because another attorney in the Public Defender's office had previously represented the accomplice on unrelated charges. In both his main and pro se supplemental briefs, defendant contends that the court erred in refusing to substitute counsel and in deferring to defense counsel's conclusion that there was no conflict of interest. We reject defendant's contentions. A review of the record establishes that the court made the requisite minimal inquiry (*see People v Porto*, 16 NY3d 93, 99-101; *People v Sides*, 75 NY2d 822, 824-825), and properly concluded that there was no basis to substitute counsel where, as here, defendant failed to "show that the conduct of his defense was in fact affected by the operation of the conflict of interest" (*People v Bones*, 309 AD2d 1238, 1240, *lv denied* 1 NY3d 568 [internal quotation marks omitted]; *see People v Harris*, 99 NY2d 202, 210; *People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892).

In both his main and pro se supplemental briefs, defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to make various motions or requests. Although defense counsel failed to make certain motions, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152), and "[d]efendant . . . failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's alleged ineffectiveness in . . . failing to request" certain jury instructions, including a missing witness charge (*People v Hicks*, 110 AD3d 1488, 1489, *lv denied* 22 NY3d 1156; *see People v Myers*, 87 AD3d 826, 828, *lv denied* 17 NY3d 954; *see generally People v Benevento*, 91 NY2d 708, 712). To the extent that defendant contends in his pro se supplemental brief that defense counsel lost a video containing exculpatory evidence, that contention is based on matters outside the record and must be raised by a motion pursuant to CPL article 440 (*see People v Weaver*, 118 AD3d 1270, 1272, *lv denied* 24 NY3d 965).

Defendant contends in his pro se supplemental brief that he was entitled to dismissal of the indictment based on an alleged *Payton* violation; that defense counsel was ineffective in failing to request a hearing on that alleged violation; and that the court erred in denying his pro se motions seeking such a hearing. Defendant's contentions are wholly lacking in merit. Even assuming, arguendo, that defendant was arrested in his home without a warrant in violation of *Payton*, we recognize that the remedy for such a violation would not be dismissal of the indictment but, rather, suppression of any evidence obtained from defendant following that violation "unless the taint resulting from the violation has been attenuated" (*People v Harris*, 77 NY2d 434, 437). Inasmuch as there was no evidence that could be said to be a " 'product of' the alleged *Payton* violation," there was nothing to suppress and thus no basis to hold a *Payton* hearing (*People v Jones*, 38 AD3d 1272, 1273, *lv denied* 9 NY3d 866, quoting *New York v Harris*, 495 US 14, 19).

Although defendant correctly contends in both his main and pro se supplemental briefs that the court erred in refusing to instruct the jury on corroboration (*see* CPL 60.22), "in light of the overwhelming corroborating proof of defendant's guilt, the failure to charge the accomplice rule is harmless error" (*People v Kimbrough*, 155 AD2d 935, 935, *lv denied* 75 NY2d 814; *see People v Fortino*, 61 AD3d 1410, 1411, *lv denied* 12 NY3d 925). Finally, we reject defendant's contention that he was not properly sentenced as a second felony offender (*see* CPL 400.21). "The election by defendant to remain silent 'does not negate the opportunity accorded him to controvert [the predicate felony statement]' . . . , and '[u]ncontroverted allegations in the statement shall be deemed to have been admitted by the defendant' " (*People v Neary*, 56 AD3d 1224, 1224, *lv denied* 11 NY3d 928; *see* CPL 400.21 [3]; *People v Woodall*, 145 AD2d 921, 921).